EDWARD STEELMAN *et al.*, plaintiffs in error, *v.* WILEY WATSON *et al.*, defendants in error.

*Error to Adams.*

It is erroneous to render judgment by *nil dicit* against a defendant who has filed a demurrer to the declaration, when the same remains unanswered and not disposed of in any way, and he has not taken any subsequent step in the cause amounting to a waiver of the demurrer.

ATTACHMENT, in the Adams Circuit Court, brought by the defendants in error against the plaintiffs in error.

Several motions were made in the Circuit Court and duly disposed of. Steelman then filed with the Clerk a special demurrer to the declaration. At the October term, 1848,

the Hon. Norman H. Purple presiding, when the cause was
called for trial, one of the defendants' counsel stated in sub-
stance, that he believed they would have nothing further to
do with the case. A jury was then called to assess the
plaintiffs' damages in open Court. While the jury was
being called, another of the defendants' counsel came into
Court and without consultation with the former, proceeded
to put questions to the witness or witnesses, both counsel
being in Court. The jury assessed the plaintiffs' damages
at $814·20, upon which the Court rendered a judgment in
the usual form in cases of attachment.

*T. Ford,* and *C. A. Warren & O. C. Skinner,* for the
plaintiffs in error.

*O. H. Browning & N. Bushnell,* and *A. Williams &
C. B. Lawrence,* for the defendants in error.

The defendants waived the demurrer by appearing subse-
quently and saying nothing in bar of the action. It was an
express waiver.

Going to trial without objection is a waiver of a discon-
tinuance. *Wells* v. *Mason,* 4 Scam. 84, 88; *Corley v.
Shropshire,* 2 Ala. 66.

If the defendant demurs and then pleads to the whole decla-
ration, the plea waives the demurrer. *Gribbsley* v. *Nance,*
3 Ala. 347; *Snyder* v. *Gaither,* 3 Scam. 92; *Wilcox* v.
*Woods,* ib. 52; or demurs to a plea and then goes to trial
without having the demurrer disposed of, the demurrer and
plea are waived. *Evans* v. *Gordon,* 8 Porter, 142; *Whi-
ting* v. *Cochran,* 9 Mass. 503.

Where no issue in fact appears of record, if the parties
appear and submit the same to a jury, the want of issue is
waived. *Navigation, &c.* v. *Schefferter,* 5 Ala. 493, 498;
*Ross* v. *Reddick,* 1 Scam. 73; *Brazzle* v. *Usher,* Bre. 14.

Our statute places this case of judgment by *nil dicit* on
the same footing as if the judgment had been rendered under
a verdict. If, in this case, the party had put in the general
issue, or had gone to trial without any plea filed, the demur-
rer would have been waived, and he could not, as we have

seen, have assigned this for error. It is the fault of the party that the demurrer was not acted on, and his appearing at the calling the cause for trial, and saying nothing in bar of the action, was a virtual waiver of the demurrer, and was calculated to lull the other party into security, and he is thus not entitled to the interference of the Court. This Court has already treated similar cases as cured by the statute. Rev. Stat. 49, § 6; ib. 51, § 11; *Brazzle* v. *Usher,* Bre. 14; *Peltier* v. *Britton,* 4 Blackf. 502; *Johnson* v. *Jackson,* 1 Wend. 284; *Evans* v. *Whitmore,* 12 Johns. 353.

By appearing and pleading to the action, the defendant waives all exceptions to the form or regularity of the writ, so that the defendant cannot then move to set aside proceedings for the non-compliance with the requisitions of the Attachment Law of South' Carolina. 3 U. S. Dig. 194, § 778; ib. 169, § 101.

Where a plea of abatement is overruled, a plea to the merits waives all exceptions to such ruling. 3 U. S. Dig. 165, § 780.

An inquisition of damages taken upon a default, is a verdict within the meaning of the law. *Anderson* v. *Semple,* 2 Gilm. 455.

The Opinion of the Court was delivered by

CATON, J. We should not regret it, if we could concur with the very ingenious argument of the counsel for the defendants in error, yet we are constrained to the conclusion, that it was error in the Circuit Court to render judgment by *nil dicit* against the defendant Steelman, when he had a demurrer in to the declaration unanswered and undisposed of in any way, and when he had taken no step in the cause subsequently, whereby he might have waived the demurrer. There is no doubt that neither the Court or the plaintiffs' counsel was aware of the demurrer being upon the files; still the record shows it was there, and it was error to proceed to judgment without disposing of it.

The judgment is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed,*